## SERVICE OF SUMMONS IN DIVORCE CASES.

Common Pleas Court of Ashland County.

### J. L. STOVER v. LULU STOVER.

Decided, 1913.

*Divorce—Laxity in the Matter of Service of Summons—Notice Must
Be Given by Publication when the Defendant is a Non-Resident
Section 11297.*

The statutory provisions for service of summons in actions for di-
vorce should be strictly construed and followed, which requires
that where the defendant is a non-resident of the state notice
must be given by publication, and not by personal service.

*Moore & Chorpening,* for plaintiff.

DEVOR, J.

This is an action brought by J. L. Stover for divorce. The
plaintiff filed his petition May 23, 1912, and alleged that he
has been a *bona fide* resident of the state of Ohio for the year
last past. That he was married to defendant at Emlenton, Pa.,
September 22, 1908, and that there are no children.

Plaintiff says that defendant committed adultery with one
Ben. Cox on or about May 15, 1910, and was guilty of improper
conduct with one Calvin Bernett at Bridgeport, Ill., January,
1911.

On this petition a summons for divorce, and a copy of the
petition was mailed in a registered letter to defendant at But-
ler, Butler County, Pa., and returned to the clerk of court not
delivered.

A summons for divorce with a copy of petition was then
issued by the clerk to the sheriff of Ashland County, Ohio, and
he appointed Wm. J. Tobay, the sheriff of Butler County, Pa.,
to serve the same. On May 25, 1912, Wm. J. Tobay made affi-
davit before an officer authorized to administer oaths in the
state of Pennsylvania that he served Lulu Marie Stover by de-
livering to her a copy of summons and petition on same day at
Butler, Butler County, Pa.

This case came on for trial before the court on July 13, 1912. The defendant did not appear, but made default. The plaintiff appeared, and offered his evidence and asked the court for a decree of divorce. The question that confronts the court is one of jurisdiction. Has the service of summons and copy of petition upon the defendant been made according to law?

What kind of service does the law require in a divorce case? The court has found in three of the counties of the sixth common pleas district that it appears to be the notion of some of the lawyers that any kind will do. It seems that some of the attorneys in these cases just take their own opinion without looking at the law, and there being no contest offered at the hearing the court assumes that the attorneys have followed the law in making service of summons and grants a decree of divorce without looking into the question of service, and thus the practice continues. The court has several times found that service was made by publication and affidavit filed that the residence of the defendant was unknown and it appears that the defendant was living in an adjoining county. Not a particle of effort was made to ascertain the defendant's residence before filing the petition. In these instances the parties to the action did not know it was necessary to make any effort to locate the defendant. Their attorneys did not tell them to do so and, of course, they made none.

Section 11984, General Code, provides that notice of the pendency of the action must be given by publication as in other cases if the defendant is not a resident of this state or his residence is unknown. A summons and copy of the petition, forthwith on the filing of it, shall be deposited in the post office, directed to the defendant at his place of residence, *unless it be made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and could not with reasonable diligence be ascertained.*

This is the statute law governing the service in divorce cases.

Before service can be made by publication in an action for divorce upon a defendant whose residence is unknown, it should be made to appear to the court that the plaintiff has done

something to ascertain the residence of the defendant. Reasonable diligence to ascertain the defendant's residence means that a diligent effort shall be made and then if it appears to the court, by affidavit or otherwise, that his residence is unknown to plaintiff, the court may order service by publication.

In this case the residence of the defendant was known to the plaintiff. There was no affidavit filed with the petition stating the residence of the defendant and giving her address. There was no notice given by publication.

It is claimed by counsel that Section 11297, General Code, and the case of *Holland* v. *Holland*, 29 Bull., 98, authorizes the kind of service made in this case. This section provides "When service may be made by publication, personal service of a copy of the summons and petition may be made out of the state. Such service shall be proved by affidavit." In the case of *Holland* v. *Holland* an affidavit for service by publication was first filed. In this case an affidavit was not filed. It is the opinion of the court that the statute for service of summons in actions for divorce should be strictly construed and followed; that where the defendant is not a resident of this state notice must be given by publication, and not by personal service.

Free and easy divorces is an evil, destructive of the home. And as in the case of *Harter* v. *Harter*, 5 Ohio, 319, "the immoral and mischievous tendency of an easy dissolution of this most solemn of all contracts, we have ever been disposed to give strict construction to the law, and not to hear a case unless the applicant brings him or herself within both the letter and spirit of the statute," so in this. It is the opinion of the court that the defendant has not been properly summoned and the petition will be dismissed at the cost of plaintiff, for this reason.